17063.   DONALDSON *et al. v.* WALKER, Governor, for use, etc.

The action being for damages because of the alleged breach of the official
bond of a former clerk of a city court, and it not appearing from the
petition that any actual injury was sustained by the plaintiff by reason
of the alleged ·breach, the petition did not set out a cause of action.

DECIDED APRIL 14, 1926.

Complaint on bond; from Laurens superior court—Judge Camp.
November 21, 1925.

Application for certiorari was denied by the Supreme Court.

This was an action for damages for an alleged breach of the of-
ficial bond of Joseph N. Donaldson, former clerk of the city court
of Dublin. The following facts were shown by the petition: Donald-
son became clerk on January 1, 1921, and so remained until his
term expired on December 31, 1924.   His compensation was a
salary of $200 a month paid by the County of Laurens.   During
his tenure of office, as was his legal duty, he required nonresident
plaintiffs, filing suits in the court, to deposit with him as clerk
sufficient money to cover the costs of the suits.   When Sidney F.
Brown, the new clerk, went into office on January 1, 1925, there
was in the possession of Donaldson the sum of $1,799.75 deposited
for costs and belonging to the clerk's office, and which Brown as
clerk was entitled to possess.   Donaldson, however, failed and re-
fused to turn over the amount to Brown, after a demand therefor
was made upon him by Brown.   The petition alleged that by
reason of such refusal a breach of Donaldson's official bond occur-
red, and that Donaldson and his surety on the bond thereby became
indebted to the plaintiff, for the use of Brown as clerk of said
court, in the sum of $1,839.   An itemized statement, showing the

Clerks of Courts, 11 C. J. p. 895, n. 50.

advanced costs deposited with Donaldson during his term of office, was attached to the petition. The defendant demurred to the petition, the demurrer was overruled, and exceptions pendente lite were taken.

Two grounds of the demurrer were as follows:

"6. The defendants demur generally to said petition and say that the petition fails to show what items, if any, of the advance cost due to the county of Laurens or any other person has become due or that has been demanded of the defendant, J. N. Donaldson, and that he has failed to account for when so due and demanded, and fails to show ownership in the county, or any other person, or injury sustained by said county or other person, by any of the conduct of the said J. N. Donaldson, in his official capacity, or otherwise, where these defendants, or either of them, would in any way be liable on said bond sued on.

"7. Defendants, further demurring specially to the 7th paragraph of said petition, say that the allegations therein are too vague and indefinite, and do not show any reason why said moneys should be in the possession of Sidney F. Brown, as clerk or otherwise; and that the itemized statement attached to said petition does not show what items of said cost deposited have become due and payable to the county of Laurens, or other person, by reason of the termination of the litigation for which said cost was so deposited as advance cost; that, so far as said statement shows, all of said suits are still pending in the city court of Dublin, and no part of said items are due to the county or any officer of said court, and said paragraph fails to show that any legal demand has been made upon the said J. N. Donaldson for any of said items due said county or any officer of said court which he has failed and refused to pay."

*Hardwick & Adams,* for plaintiffs in error.

*Burch & Daley,* contra.

BROYLES, C. J. (After stating the foregoing facts.) Under the law of this State the measure of damages upon all official bonds, for the misconduct of the officer (unless otherwise specially enacted), is *the amount of injury actually sustained,* including the reasonable expense of the suit to the plaintiff, besides the costs of court. Civil Code (1910), § 299. In the instant case it is im-

possible to tell from the petition and the itemized account attached thereto what was the amount of injury, if there was any, actually sustained by the plaintiff. In fact the petition fails to show any actual injury sustained by the plaintiff by reason of the alleged breach of the bond. The petition, therefore, did not set out a cause of action, and the court erred in overruling the demurrer.

*Judgment reversed. Luke, J., concurs. Bloodworth, J., not participating, on account of illness.*